IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICOLAS ROBERT MUNIZ,

    Petitioner,

v.                                                             No. 5:19-cv-01133-KWR-SMV
                                                               No. 5:17-cr-02491 KWR-SMV-1

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Nicholas Robert Muniz's 28 U.S.C. § 2255 habeas motion (CR Doc. 85; CV Doc. 1) (Motion). Muniz asks the Court to vacate his federal convictions based on ineffective assistance by counsel and new Supreme Court law. Having reviewed the record and applicable authority, the Court will order Muniz to show cause why the claims should not be dismissed as untimely.

## BACKGROUND

In 2018, Muniz pled guilty to possession with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 841(b)(1)(B)) and possessing a firearm as a felon/in furtherance of a drug trafficking crime (18 U.S.C. §§ 922(g)(1) and 924(c)). (CR Doc. 57). The Court (Hon. Kenneth Gonzales) sentenced him to 120 months imprisonment. (CR Doc. 77). Judgment on the conviction and sentence was entered on June 20, 2018. *Id.* Muniz did not appeal, in accordance with the waiver in the plea agreement. On December 2, 2019, Muniz filed the instant § 2255 proceeding. (CR Doc. 85). He alleges counsel was ineffective and that his § 924(c) conviction is invalid under *U.S. v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Motion is ready for review under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment was entered June 20, 2018. It became final no later than July 5, 2018, after expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires);

Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). The federal docket reflects no discernable tolling activity during the next year. The limitation period expired on July 5, 2019, and Muniz's § 2255 Motion filed in December of 2019 appears time barred.

Construed liberally, the Motion may seek the benefit of a later one-year period under 28 U.S.C. § 2255(f)(3) (new Supreme Court law). Muniz argues "it was decided [in 2019] that th[e § 924(c) conviction] can no longer be an offense" and that "a vague law is no law at all." (CR Doc. 85 at 16). This argument implicates *U.S. v. Davis,* 139 S. Ct. 2319 (2019), which addresses the constitutionality of 18 U.S.C. § 924(c)(3)(B). That section, known as the Residual Clause, criminalizes the use of a firearm in connection with any "crime of violence … involv[ing] a substantial risk of physical force." *Davis* found this definition of "crime of violence" to be unconstitutionally vague. 139 S. Ct. at 2326. The Supreme Court reasoned that the definition required judges to "estimate[e] of the degree of risk posed by a crime's imagined 'ordinary case," which produces inconsistent results. *Id. Davis* is an extension of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated an identical residual clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)).

Muniz was not convicted under any residual clause, nor did he use a firearm during a crime of violence. He used a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Davis* and *Johnson* therefore have no impact on Muniz's conviction or sentence, and he is not entitled to a later one-year period under 28 U.S.C. § 2255(f)(3). *See U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence"); *U.S.* v. *Nietfeld*, 2019 WL

3

7116089, at *2 (D. Kan. Dec. 23, 2019) (*Davis* has no impact on "possession of a firearm in furtherance of a drug trafficking crime"); *Reyes v. U.S.*, 2019 WL 5265293, at *2 (D. Utah Oct. 17, 2019) (same); *United States v. Becerra-Molina,* 2019 WL 4144314, at *2 (N.D. Okla. Aug. 30, 2019) (same).

For these reasons, Muniz must file a response within thirty (30) days of entry of this ruling showing cause why his § 2255 Motion should not be dismissed as time-barred. Failure to timely comply or overcome the time-bar will result in dismissal of this habeas action without further notice.

**IT IS ORDERED** that **within thirty (30) days of entry of this Order**, Muniz must file a response showing cause, if any, why his § 2255 Motion should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**